**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

-----------------------------------------------------------------------x

SIESTA LLC, a Florida Limited Liability Company,

      Plaintiff,

                                  Case No.:

v.

                                  **AMENDED EX PARTE MOTION**
                                  **FOR TEMPORARY**
                                  **RESTRAINING ORDER AND**
PREMIER INVESTMENTS USA LLC d/b/a FREEZ.   **PRELIMINARY INJUNCTION**
DRINKWARE, a Florida Limited Liability Company,

      Defendant.

-----------------------------------------------------------------------x

      Plaintiff Siesta LLC ("Siesta"), pursuant to Rule 65 of the Federal Rules of Civil Procedure hereby moves for an *ex parte* Temporary Restraining Order ("TRO") and/or an *Order to Show Cause Why a Preliminary Injunction Should Not Issue*. This motion is based upon the concurrently filed Complaint, the Declaration of **Adam Samuel** and supporting exhibits attached thereto; and the following memorandum of law.

### I. Relief Requested

      Siesta respectfully requests that the Court enter an Order granting the following immediate relief:

      1. Temporarily and preliminarily enjoining Defendant Premier Investments USA LLC d/b/a Freez Drinkware ("Freez"), its officers, agents, and all persons in active concert or participation with it, from manufacturing, advertising, marketing, distributing, offering for sale,

or selling any products bearing designs that are copied from or substantially similar to Siesta's Copyrighted Works.

2. Requiring Defendant to immediately remove all infringing products and associated marketing materials from all trade-show displays, catalogs, websites, and other commercial channels.

3. Requiring Defendant to preserve all documents and records relating to the design, sourcing, manufacturing, marketing, and sale of the infringing products.

4. Authorizing the impoundment of all infringing goods and related marketing materials pursuant to 17 U.S.C. § 503.

5. Authorizing limited expedited discovery to ascertain the scope of Defendant's infringement and to identify sources of supply and distribution channels.

6. Setting a hearing for a preliminary injunction at the earliest possible date and establishing a briefing schedule.

7. Requiring Siesta to post a nominal bond.

## II. Statement of Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*. This Court has personal jurisdiction over Defendant, a Florida limited liability company with its principal place of business in this District. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(a) because Defendant resides here and a substantial part of the events giving rise to the claim occurred in this District.

### III. **Relevant Procedural Posture and Prior Demand**

Contemporaneously with this Motion, Plaintiff has filed its Complaint for Copyright Infringement. Prior to initiating litigation, on February 20, 2026, counsel for Siesta sent a detailed cease-and-desist letter to Defendant via email and Federal Express. The letter identified Siesta's copyrighted works, detailed the specific infringing products, and demanded that Defendant cease all infringing activity and provide written confirmation of its compliance within ten (10) days. To date, Defendant has failed to respond or comply with Siesta's demands. Defendant's refusal to cease its infringing activities, despite being put on notice of its unlawful conduct, necessitates the immediate *ex parte* relief requested herein to prevent further irreparable harm to Siesta.

### IV. **Background and Statement of Facts**

Plaintiff Siesta is a designer, manufacturer, and distributor of distinctive drinkware and souvenir products. Siesta has invested significant creative effort and resources in developing a portfolio of original artistic designs that are applied to its products. These works were created by Siesta's employees and are owned exclusively by the company. (*Declaration of **Adam Samuel** ("Decl.") at ¶ 3*).

Siesta is the owner of U.S. Copyright Registration No. VA 2-465-854, with an effective date of September 30, 2025. This registration covers, among other works, the *Siesta Tree Mountain Outline* and *Siesta Sea Life Turtles* designs (collectively, "Siesta's Copyrighted Works"). (*Decl. at ¶ 5*). These works were first published in November 2023 and have been continuously promoted at national trade shows and in Siesta's product catalogs. (*Decl. at ¶ 4*).

3

Defendant Freez is a direct competitor of Siesta, selling similar products to the same wholesale customers through identical channels of trade, including national trade shows where Siesta has prominently displayed its Copyrighted Works. Defendant had access to Siesta's Copyrighted Works through its attendance at these trade shows and through the wide availability of Siesta's products and catalogs in the marketplace. (*Decl. at ¶ 6*).

Without authorization, Defendant has manufactured, marketed, and offered for sale drinkware products that bear designs virtually identical to Siesta's Copyrighted Works. For example, Defendant's products S7948 and S7949 copy the distinctive composition, scale, and color treatment of Siesta's *Siesta Tree Mountain Outline*. (*Decl. at ¶ 7(a)*). Similarly, Defendant's product S8604 reproduces the unique gradient arrangement, artistic rendering, and color scheme of Siesta's *Siesta Sea Life Turtles* design. (*Decl. at ¶ 7(b)*). Defendant has promoted these infringing products in its *Freez Drinkware 2026* catalog (*Decl. Ex. 4*) and at recent trade shows. The near-identical nature of the designs demonstrates that Defendant's copying was willful and deliberate. (*Decl. at ¶ 8*).

## V. <u>Legal Standard for Preliminary Injunctive Relief/TRO</u>

A party seeking a temporary restraining order or a preliminary injunction must establish four elements: (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is not granted; (3) that the threatened injury to the movant outweighs the threatened harm the injunction may inflict on the non-movant; and (4) that the injunction would not be adverse to the public interest. Federal district courts have jurisdiction to grant injunctive relief to restrain violations of the Copyright Act, subject to the provisions of Rule 65 of the Federal Rules of Civil Procedure. In the absence of a specific provision in other rules, procedure shall be in accordance with the Federal Rules of Civil Procedure. The movant

may be required to post a bond in an amount the court deems proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined.

## VI. Application of Law to Facts

Siesta satisfies all four requirements for the issuance of a Temporary Restraining Order.

### A. *Siesta Has a Strong Likelihood of Success on the Merits*

Siesta is highly likely to succeed on the merits of its copyright infringement claim. To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Siesta's Complaint and the Declaration of Adam Samuel establish both elements conclusively.

First, Siesta owns valid and registered copyrights in its original designs. Its U.S. Copyright Registration No. VA 2-465-854 constitutes prima facie evidence of the validity of its copyrights and of the facts stated in the certificate, including Siesta's ownership. (*Decl. at ¶ 5*).

Second, Defendant copied Siesta's protected works. Defendant had access to Siesta's copyrighted designs through its attendance at the same trade shows and the wide commercial availability of Siesta's products and catalogs. (*Decl. at ¶ 6*). The side-by-side comparisons attached as Exhibits 2 and 3 to the Complaint demonstrate that Defendant's products are not merely substantially similar, but in many instances are virtually identical to Siesta's original works. Where the similarity between works is so striking that independent creation is virtually impossible, such similarity alone is sufficient to establish copying without further proof of access. *Benson v. Coca-Cola Co.*, 795 F.2d 973, 974 (11th Cir. 1986). Here, the degree of similarity goes far beyond what could plausibly result from coincidence or independent

5

creation—the specific artistic rendering of the mountain silhouette and treeline, the precise gradient scaling of turtles from large to small, the color treatment, and the overall compositional arrangement are all replicated with a specificity that admits only one conclusion: Defendant copied Siesta's works. Defendant's infringement is willful, as further evidenced by its refusal to cease infringing conduct after receiving Siesta's detailed cease-and-desist letter on February 20, 2026. Siesta is likewise likely to succeed on its Florida common law unfair competition claim, which is grounded in the same facts: Defendant's deliberate misappropriation of Siesta's original designs for commercial gain in direct competition with Siesta.

**B.      *Siesta Will Suffer Irreparable Harm Absent an Injunction***

Siesta will suffer irreparable harm absent emergency injunctive relief that cannot be remedied by money damages alone. Although irreparable harm is no longer presumed in copyright cases, the specific facts here compel that finding. First, Siesta and Defendant sell to the same class of wholesale buyers—souvenir and gift retailers—through the same national trade shows and wholesale catalog channels. Once a retailer purchases Defendant's infringing knockoffs, that sale is lost to Siesta permanently, and the retailer may not reorder Siesta's original products for that season. These lost wholesale relationships and the resulting lost reorders are by their nature impossible to quantify or recover through a damages award after the fact. (*Decl. at ¶ 10*). Second, the souvenir drinkware market is acutely seasonal and trade-show-driven. Defendant is actively marketing its infringing products now, during the spring trade show season. Every day that passes without relief is a day in which Defendant is displacing Siesta's products in the market and foreclosing Siesta's wholesale opportunities for the upcoming season—harm that cannot be undone by a future damages award. (*Decl. at ¶ 11*). Third, Defendant's infringement directly erodes Siesta's brand identity. Siesta has spent years building

6

recognition for its distinctive designs among wholesale buyers and their retail customers. Allowing an inferior knockoff product to proliferate under virtually identical artwork permanently dilutes the value of Siesta's designs and its reputation as the originator of those works. This reputational and brand harm is inherently difficult to quantify and cannot be compensated through monetary damages. (*Decl. at ¶¶ 10–11*). Fourth, because Defendant's infringing products are being actively sold now through trade show displays and a published catalog, the infringement is ongoing and expanding. Each new wholesale customer who receives and distributes those products compounds the harm. Courts in this Circuit have recognized that ongoing infringement that erodes goodwill and competitive position constitutes irreparable harm warranting injunctive relief.

**C.     *The Balance of Hardships Weighs Decisively in Siesta's Favor***

The balance of hardships tips strongly in favor of granting the TRO. If an injunction is denied, Siesta will suffer the irreparable loss of its exclusive rights and goodwill that it has spent substantial time and resources to build. In contrast, the only harm to Defendant from an injunction would be the inability to profit from its illegal conduct. An injunction would not put Defendant out of business; it would merely prohibit Defendant from continuing to infringe on Siesta's intellectual property. Any harm to Defendant is self-inflicted and not a cognizable injury that can outweigh the irreparable harm to Siesta.

**D.     *The Public Interest Favors Issuance of the Injunction***

Granting the requested injunctive relief serves the public interest. The public has a strong interest in upholding the rights of copyright holders and encouraging the creation of original works. Enforcing the Copyright Act protects the integrity of intellectual property and fosters

7

innovation. Allowing Defendant to continue profiting from its willful copying would undermine these important public policies and would reward the very conduct that copyright law is designed to deter.

### E. Ex Parte Relief Is Warranted Under Rule 65(b)(1)

Rule 65(b)(1) authorizes a court to issue a TRO without notice to the adverse party where "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). That standard is met here for two independent reasons.

First, advance notice of this motion would give Defendant the opportunity to accelerate sales of its infringing inventory, conceal or transfer stock, or otherwise take steps to frustrate the relief requested before the Court can act. Defendant is currently marketing these products through active wholesale channels. If alerted to imminent legal action, Defendant could rapidly push additional units into the market or through its distribution network—expanding the very harm Siesta seeks to arrest. The infringing goods, once distributed, cannot be recalled.

Second, the timing is critical. The souvenir and specialty drinkware market is heavily concentrated around the spring and summer trade show season. Wholesale buyers place their orders for the upcoming season during this window. Every day that passes without relief represents wholesale orders placed with Defendant for infringing products—orders that will not be placed with Siesta. By the time a noticed motion could be heard, the active buying season may be largely over and Siesta's commercial harm for the season will be irreversible. As required by Rule 65(b)(1)(B), Siesta's counsel has made reasonable attempts to provide notice to Defendant as set forth in this motion.

8

## VII. <u>Request for Expedited/Alternative Relief</u>

To effectuate the relief sought and to prepare for a preliminary injunction hearing, Siesta requests that the Court grant the following ancillary relief.

First, Siesta requests an order, pursuant to 17 U.S.C. § 503, for the impoundment of all infringing products, catalogs, and other marketing materials in Defendant's possession or control. This is necessary to immediately halt the flow of infringing goods into the marketplace.

Second, Siesta requests an order requiring Defendant to preserve all documents and electronically stored information related to the design, sourcing, manufacture, marketing, and sale of the infringing products. Such an order is necessary to prevent the destruction of key evidence required to prove Siesta's damages and Defendant's profits.

Third, Siesta requests leave to conduct limited, expedited discovery prior to the preliminary injunction hearing. This discovery should be targeted at identifying the full scope of Defendant's infringing activities, including the quantity of infringing goods manufactured, distributed, and sold; the identity of Defendant's suppliers and customers; and the profits derived from the infringement. This information is essential for the Court to assess the extent of the harm and for Siesta to adequately prepare for the hearing.

## VIII. <u>Proposed Bond and Security</u>

Pursuant to Federal Rule of Civil Procedure 65(c), Siesta respectfully requests that the Court require only a nominal bond. A nominal bond is appropriate where, as here, the plaintiff has demonstrated a strong likelihood of success on the merits and the defendant faces no legitimate harm from an injunction that merely requires it to stop infringing. Any financial harm to Defendant would flow exclusively from its inability to continue profiting from its own unlawful conduct—which is not a cognizable harm the bond requirement is designed to protect.

Requiring a substantial bond would effectively penalize Siesta for enforcing its registered intellectual property rights and would reward Defendant for its willful infringement.

Plaintiff submits that a bond in the amount of $500.00 is sufficient.

## IX. Conclusion

For the foregoing reasons, Plaintiff Siesta LLC respectfully requests that the Court grant its Motion for a Temporary Restraining Order and Order to Show Cause, and grant all relief requested herein.

Dated: March 26, 2026

Respectfully submitted,

/s/Natalie Sulimani
Natalie Sulimani, Esq.
150 Broadway Suite 1703
New York, NY 10038
Tel: (212) 863-9614
natalie@sulimanilawfirm.com

**Counsel for Plaintiff Siesta LLC**
(Pro Hac Vice Application Pending)

## **CERTIFICATE OF NOTICE**

I hereby certify that on March 26, 2026, I attempted to provide notice of the filing of Plaintiff's ***Ex Parte Motion for a Temporary Restraining Order*** to Defendant by sending an email with copies of the motion papers to **ronen@speed26.com; info@justspeed.com; plushamz23@gmail.com**. The immediate and irreparable harm detailed in Plaintiff's motion papers that will result before Defendant could be heard in opposition justifies proceeding on an *ex parte* basis.

Dated: March 26, 2026

/s/ Natalie Sulimani
Natalie Sulimani, Esq.
150 Broadway Suite 1703
New York, NY 10038
Tel: (212) 863-9614
natalie@sulimanilawfirm.com

***Counsel for Plaintiff Siesta LLC***